Date issued October 17, 2002









 

 


 
 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00845-CR

____________


ANDRE DEWAYNE DORSEY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 865543









O P I N I O NA jury found appellant, Andre Dewayne Dorsey, guilty of aggravated robbery (1)
and assessed punishment at 18 years' confinement. In four points of error, appellant
argues that the evidence was legally and factually insufficient to sustain his
conviction. We affirm.

Facts

Harris County Sheriff's Deputy William Christian testified that, on July 21,
2000, between approximately 3:30 and 4:00 a.m., he was on patrol and saw several
people running from a gas station parking lot at the intersection of Gulfbank and
Sweetwater in Houston. One of the people running yelled, "He's got a gun, he's got
a gun," and Christian then drove into the parking lot. Christian saw several people
lying on the ground and a black male, wearing a white tank-top t-shirt and holding
a gun, standing over them. The man holding the gun appeared to be taking the
wallets of those lying on the ground. Christian later identified appellant as the
gunman.

Christian testified that appellant got in the passenger side of a waiting car,
driven by Deverrick Jerome Goodin, and fled the scene. Christian followed the car,
and during the chase, appellant leaned out of the passenger side window and fired two
shots at him. Christian shone a spotlight on the car and saw the men switch seats
while driving. Appellant then stopped the car. Goodin got out of the car and
appellant drove away. Appellant was later arrested when he drove down a dead-end
street.

Roger Palma testified that he and his fellow co-workers were in the gas station
parking lot after they finished their night shift. Palma and his co-worker, Scott
Saltsman, testified that Goodin and appellant drove into the parking lot and offered
to sell them drugs. When they refused appellant's offer, Goodin and appellant drove
away and then returned to the gas station parking lot. Appellant exited the car, fired
the gun in the air, yelled at those in the parking lot to get on the ground, and
demanded their wallets. Appellant pointed the gun at Palma, took his wallet, and fled
when Christian arrived. Palma's co-workers, Arthur Moser, Thorin Moore, Erik
Price, Scott Saltsman, Brian Tovar, and Raul Trejo, all testified that appellant had a
gun. Moore and Trejo testified that appellant demanded their wallets. Moore further
testified that appellant took a briefcase from one of the men's trucks. 

Appellant testified that he went to the gas station to meet Erik Price and to buy
two pounds of marijuana from him. Appellant testified that he had met Price and
begun the purchase when Christian arrived. Appellant testified that no robbery was
committed and that he did not have a gun.

Sufficiency of the Evidence

Use of a Firearm

 In his first and second points of error, appellant argues that the evidence was
legally and factually insufficient to sustain his conviction for aggravated robbery
because the evidence that appellant exhibited or used a firearm was not credible.

 In reviewing legal sufficiency, we view the evidence in a light most favorable
to the verdict and ask whether a rational trier-of-fact could find the essential elements
of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000); Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.--Houston [1st
Dist.] 2001, pet. ref'd). 

 A person commits robbery if, in the course of committing theft and with intent
to obtain or maintain control of the property, he intentionally or knowingly threatens
or places another in fear of imminent bodily injury or death. Tex. Pen. Code Ann.
§ 29.02(a)(2) (Vernon 1994); Harper v. State, 930 S.W.2d 625, 630 (Tex.
App.--Houston [1st Dist.] 1996, no pet.). To sustain a conviction for aggravated
robbery, it must be shown that appellant used or exhibited a deadly weapon in the
course of committing or attempting a theft. Tex. Pen. Code Ann. § 29.03(a)(2)
(Vernon 1994); McCain v. State, 22 S.W.3d 497, 501-02 (Tex. Crim. App. 2000). 


 Appellant argues that the State's evidence that appellant exhibited a firearm
was not credible. The State presented five witnesses, including Christian, Palma, and
Saltsman, who testified that appellant used a gun during the commission of a robbery. 
We conclude that, viewing the evidence in a light most favorable to the verdict, the
evidence was legally sufficient to show that appellant used or exhibited a firearm
during the course of the robbery. See Valencia, 51 S.W.3d at 423. 

 We overrule appellant's first point of error.

 In reviewing factual sufficiency, we examine all of the evidence neutrally and
ask whether proof of guilt is so obviously weak or greatly outweighed by contrary
proof as to indicate that a manifest injustice has occurred. King, 29 S.W.3d at 563;
Valencia, 51 S.W.3d at 423. While conducting our analysis, if there is probative
evidence supporting the jury's verdict, we must avoid substituting our judgment for
that of the jury, even when we disagree with the jury's determination. King, 29
S.W.3d at 563. 

 Appellant contends that, despite the significant testimonial evidence that he
used a gun, the evidence was factually insufficient because there was no physical
evidence that showed he used a gun. Appellant's argument is based on the fact that
police did not recover a gun from the car driven by appellant and no gun powder
residue was found on his hands.

A jury could have reasonably believed that, even though the gun was not
recovered by police, appellant used a gun and discarded it and Palma's wallet when
he fled from Christian. (2) Eric Sappenfield, a chemist employed by the Harris County
Medical Examiner's Office, testified that, although no gun powder residue was found
on appellant's hands, his activity during his flight was almost certain to eliminate all
traces of such residue. Given Sappenfield's testimony that it would have been
"almost impossible" to find residue on appellant's hands if appellant had fired a gun
due to the activity of appellant during flight and Palma's and his co-worker's
testimony that appellant exhibited and used a gun, the jury was free to conclude that
appellant did use a gun during the robbery. We conclude the evidence was factually
sufficient to sustain appellant's conviction for aggravated robbery. See King, 29
S.W.3d at 563.

 We overrule appellant's second point of error.


Intent to Commit Theft 

 In his third and fourth points of error, appellant argues that the evidence was
legally and factually insufficient to show that he intended to commit theft during the
course of the alleged offense. Appellant's fourth point of error is a factual sufficiency
challenge. His brief, however, presents no discernible argument in addition to his
third point of error which addresses legal sufficiency. Since the factual sufficiency
challenge was improperly briefed, we hold that it was waived. See Tex. R. App. P.
38.1. Therefore, we consider his argument to be a legal sufficiency challenge. 

 Appellant argues that, because Palma's wallet was not recovered by police, the
State failed to prove that appellant intended to obtain and maintain control over
Palma's property. Appellant is correct in claiming that police did not recover Palma's
wallet from appellant's car. Police did, however, retrieve Palma's wallet from a
woman who found it on her front lawn. Palma testified that his wallet was missing
$60.00. This evidence, plus Palma's testimony that appellant had a gun, that he
demanded Palma's wallet, and that Palma gave appellant his wallet, was legally
sufficient to establish that appellant intended to obtain and maintain control over
Palma's property. We conclude that the evidence was legally sufficient to sustain his
conviction. See Valencia, 51 S.W.3d 418, 423.

 We overrule appellant's third and fourth points of error.






Conclusion

 We affirm the judgment of the trial court.


 

 



 Evelyn V. Keyes

 Justice


Panel consists of Justices Hedges, Keyes, and Evans. (3)

Do not publish. Tex. R. App. P. 47.
1. 
[1] See Tex. Pen. Code Ann. § 29.03 (Vernon 1994).
2. Palma's wallet was turned into police by a woman who found the wallet on her
front lawn. 
3. The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.